No. 25-602

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

WILLIAM LESSIN, ET AL.,

*Plaintiffs-Respondents*,

v.

FORD MOTOR COMPANY,

*Defendant-Petitioner*.

————————

Petition for Permission to Appeal from the
United States District Court
for the Southern District of California

The Honorable Anthony J. Battaglia
Case No. 3:19-cv-01082-AJB-AHG

————————

## DEFENDANT FORD MOTOR COMPANY'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF RULE 23(f) PETITION

————————

RANDALL W. EDWARDS
O'MELVENY & MYERS LLP
TWO EMBARCADERO CTR., 28TH FL.
SAN FRANCISCO, CA 94111
(415) 984-8700

AMY J. LAURENDEAU
O'MELVENY & MYERS LLP
610 NEWPORT CTR. DR., 17TH FL.
NEWPORT BEACH, CA 92660
(949) 823-6900

JONATHAN HACKER
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, DC 20006
(202) 383-5300

*Counsel for Defendant-Petitioner*

Defendant-Petitioner Ford Motor Co. respectfully moves for leave to file the attached Reply in support of its Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) ("Pet." Dkt. 1), filed on January 28, 2025 (Dkt. 10). Plaintiff's Opposition to the Petition ("Opp." Dkt. 14) contains mischaracterizations of the district court's order and Ford's Petition that Ford should be granted leave to address. Specifically, Ford's Reply addresses the following key points:

*First*, Plaintiffs misstate the grounds permitted for Rule 23(f) review and fail to address Ford's argument that interlocutory review is necessary to determine the proper scope of inquiry into varying evidence across the class on substantive claim elements, an unsettled and fundamental class action issue.

*Second*, Plaintiffs misconstrue the record and misrepresent the district court's order when they claim the district court did not manifestly err in finding that common issues predominated for Plaintiffs' implied and express warranty and fraud-based claims.

This Court routinely grants parties leave to file reply briefs in support of 23(f) petitions. *See*, *e.g.*, *Narguess Noohi, et al. v. Johnson & Johnson Consumer Inc.*, No. 22-80143, Dkt. 6 (9th Cir. Mar. 1, 2023); *In re J.D., et al. v. Altria Grp., et al.*, No. 22-80061, Dkt. 15 (9th Cir. Oct. 25, 2022); *In re J.D., et al. v. Juul Labs*, No. 22-80063, Dkt. 14 (9th Cir. Oct. 24, 2022); *Justin Lytle, et al. v.*

1

*Nutramax Laby's, et al.*, No. 22-80047, Dkt. 14 (9th Cir. July 13, 2022); *Sherida Johnson, et al. v. Nissan N. Am., Inc.*, No. 22-80075, Dkt. 10 (9th Cir. Oct. 25, 2022); *A.B., et al. v. Haw. State Dep't of Educ.*, No. 20-80014, Dkt. 12 (9th Cir. Mar. 31, 2020).

Here, because Ford's Reply will help the Court resolve the issues highlighted in its pending Petition, the Court should grant Ford's motion for leave to file its Reply.

Dated:   February 14, 2025                O'MELVENY & MYERS LLP

By: */s/ Randall W. Edwards*
    Randall W. Edwards

*Counsel for Defendant-Petitioner
Ford Motor Company*

2

## CERTIFICATE OF COMPLIANCE

I, Randall W. Edwards, am an attorney representing Defendant-Petitioner Ford Motor Company.  Pursuant to Rule 27 and Rule 32 of the Federal Rules of Appellate Procedure, I certify that this Motion's type size and typeface comply with Fed. R. App. P. 27(d) & 32(a)(5)-(6).  I certify that this Motion complies with Fed. R. App. P. 27 and Ninth Cir. R. 27-1, because it is under 20 pages and contains 309 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Dated:    February 14, 2025             O'MELVENY & MYERS LLP

                                        By: /s/ *Randall W. Edwards*
                                            Randall W. Edwards

                                        *Counsel for Defendant-Petitioner*
                                        *Ford Motor Company*

No. 25-602

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

WILLIAM LESSIN ET AL.,

*Plaintiffs-Respondents*,

v.

FORD MOTOR COMPANY,

*Defendant-Petitioner*.

————————

Petition for Permission to Appeal from the
United States District Court
for the Southern District of California

The Honorable Anthony J. Battaglia
Case No. 3:19-cv-01082-AJB-AHG

————————

## DEFENDANT FORD MOTOR COMPANY'S
## REPLY IN SUPPORT OF RULE 23(f) PETITION

————————

RANDALL W. EDWARDS
O'MELVENY & MYERS LLP
TWO EMBARCADERO CTR., 28TH FL.
SAN FRANCISCO, CA 94111
(415) 984-8700

JONATHAN HACKER
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, DC 20006
(202) 383-5300

AMY J. LAURENDEAU
O'MELVENY & MYERS LLP
610 NEWPORT CTR. DR., 17TH FL.
NEWPORT BEACH, CA 92660
(949) 823-6900

*Counsel for Defendant-Petitioner*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................1

ARGUMENT ......................................................................................2

    I.    Plaintiffs Misstate Ford's Argument That It Was Manifestly
        Erroneous for the District Court to Disregard Ford's Challenges
        to Plaintiffs' Ability to Prove Elements of Their Claim with
        Common Proof ........................................................................2

    II.   Plaintiffs' Opposition Does Not Refute Ford's Arguments That
        the Court Manifestly Erred in Finding Common Issues
        Predominate to Certify Plaintiffs' Warranty and Fraud-Based
        Claims.....................................................................................5

        A.    Plaintiffs Cannot Dispute That Express Warranty Claims
             Require Individualized Inquiries.................................5

        B.    Plaintiffs Cannot Rebut That Implied Warranty Claims
             Require Analyses into Each Class Member's Vehicle Use........7

        C.    Whether Class Vehicles Were Purchased Primarily for
             "Personal Use" Necessitates Individualized Inquiries...............8

        D.    Plaintiffs Concede That "What Ford Knew and When"
             Varies Across the Fifteen-Year Class Period, Meaning
             Commonality Is Absent ...........................................10

CONCLUSION .................................................................................11

# TABLE OF AUTHORITIES

**Page**

<u>**CASES**</u>

*Beaty v. Ford*,
2021 WL 3109661 (W.D. Wash. July 22, 2021) ................................................11

*Black Lives Matter L.A. v. City of Los Angeles*,
113 F.4th 1249 (9th Cir. 2024) ............................................................................4

*Chamberlan v. Ford*,
402 F.3d 952 (9th Cir. 2005) ..................................................................... 2, 5, 9

*Corder v. Ford*,
283 F.R.D. 337 (W.D. Ky. 2012) ........................................................................9

*Erica P. John Fund, Inc. v. Halliburton Co.*,
563 U.S. 804 (2011) ............................................................................................3

*In re Arris Cable Modem Consumer Litig.*,
327 F.R.D. 334 (N.D. Cal. 2018) ........................................................................4

*In re Honda Idle Stop*,
347 F.R.D. 528 (C.D. Cal. 2024) ........................................................................7

*In re MyFord Touch*,
2016 WL 6873453 (N.D. Cal. Nov. 22, 2016) ..................................................11

*In re MyFord Touch*,
2016 WL 7734558 (N.D. Cal. Sept. 14, 2016) ....................................................9

*In re Novatel Wireless Sec. Litig.*,
2013 WL 494361 (S.D. Cal. Feb. 7, 2013) ..........................................................7

*Parkinson v. Hyundai*,
258 F.R.D. 580 (C.D. Cal. 2008) ........................................................................4

*Sanchez v. Kia*,
2024 WL 4730654 (C.D. Cal. Nov. 7, 2024) ......................................................6

*Small v. Allianz Life Ins.*,
122 F.4th 1182 (9th Cir. 2024) ............................................................................8

*Wal-Mart Stores v. Dukes*,
564 U.S. 338 (2011) ....................................................................................... 3, 11

## INTRODUCTION

Plaintiffs' Opposition is long on bombast, but their positions do not withstand the slightest scrutiny. Plaintiffs offer no reasoned basis to dispute Ford's position that examining evidence on substantive claim elements to determine if it varies across the class is a critical class certification requirement, not an improper merits inquiry, and certification fails when evidence varies across the class. Rather than defend the district court's order as having complied with that bedrock principle, Plaintiffs just insist that the district court correctly viewed *any* examination of evidence on the merits as improper—a flawed view adopted in other district courts too, and one that requires review now as an unsettled and fundamental issue about the proper scope of review of "merits" issues to determine whether plaintiffs met their burden to support class certification.

Plaintiffs also make no effort to reconcile the district court's manifest error in finding elements of class member claims did not require individualized analysis, but applying an individualized inquiry to those very same claim elements when ruling on individual plaintiffs' claims at summary judgment. Finally, unable to defend the district court's failure to consider demonstrated differences in Ford's pre-sale knowledge spanning over a decade, Plaintiffs misrepresent the certification order as having created separate classes for different time periods, which the order did not do.

Plaintiffs also incorrectly place limits on Rule 23(f) petitions where none exist, creating a strict requirement that review is *only* available when the district court applies an incorrect legal standard or if the district court failed to follow a directly controlling case. Opp. at 2. Review is appropriate in this case for two reasons: First, this case presents an "unsettled and fundamental issue of law relating to class actions" in how district courts analyze varying evidence for class certification decisions, where the Supreme Court has instructed that an "overlapping" merits inquiry may be required, but courts regularly interpret this standard differently to assess critical Rule 23 requirements. Second, the district court's manifest error in failing to recognize that individualized inquiries are necessary for express and implied warranty and fraud-based claims is "significant" and "easily ascertainable from the petition itself." *Chamberlan v. Ford*, 402 F.3d 952, 959 (9th Cir. 2005).

## ARGUMENT

### I. Plaintiffs Misstate Ford's Argument That It Was Manifestly Erroneous for the District Court to Disregard Ford's Challenges to Plaintiffs' Ability to Prove Elements of Their Claim with Common Proof

Plaintiffs contend Ford seeks interlocutory review to "demand" the district court make "substantive, dispositive factual rulings on the case's merits." Opp. at 2. Not true. Ford argues the district court improperly refused to consider that evidence bearing on substantive elements of Plaintiffs' state-law warranty and fraud claims—

including Ford's evidence, which must be considered under *Grodzitsky* and *Ellis*—is not **common** across the class. Pet. at 8-12. Rule 23 requires such a "rigorous analysis" of all Rule 23 elements, which often "entail[s] some overlap with the merits of the plaintiff's underlying claim." *Id*. at 9 (citing *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 351 (2011)). This rigorous analysis necessarily includes consideration of whether each element of a claim can be proved with common proof. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

The existence of a defect is a required element for Plaintiffs' state-law implied warranty and fraud claims. Pet. at 9-10, 1ER066-67, 1ER082, 1ER085. Even Plaintiffs' expert conceded that different rates of failure would be a relevant consideration on the question of defect. 4ER498-99. Ford presented undisputed evidence below, which Plaintiffs do not challenge, that manifestation of sustained steering oscillation varied dramatically across model years, vehicle platforms, and from owner to owner. *See* Pet. at 10. Given this varying evidence, a reasonable juror might reach differing conclusions about whether any one vehicle in the class was "defective" based on these differing rates.[1] *Id.*

---

[1] Plaintiffs assert that Ford makes a merits argument that the defect "almost never manifested." Opp. at 10-11. While evidence shows extremely low rates for certain model years, the key point here is the variance of the rates renders defect evidence ***not common***.

Likewise, the district court recognized that under Maine and South Carolina law, ***proof*** of the actual manifestation of the defect is a claim element. 1ER082. Certified claims thus would require ***common*** proof of actual manifestation. Pet. at 11. It is insufficient for Plaintiffs to claim that all vehicles sold are inherently defective; certification under Rule 23 requires more than "allegations and assertions." *Black Lives Matter L.A. v. City of Los Angeles*, 113 F.4th 1249, 1258 (9th Cir. 2024). Neither Plaintiffs nor the district court proposes any mechanism for determining how manifestation as to each class member could be proved classwide with common evidence. Instead of attempting to do so, Plaintiffs excuse that deficiency by citing inapplicable cases. Plaintiffs cite *Parkinson v. Hyundai*, 258 F.R.D. 580, 594 (C.D. Cal. 2008), but that decision did not address implied warranty claims at all, let alone the predominance standard of Rule 23(b). That decision, moreover, ***denied*** class certification for ***express*** warranty claims because individualized questions predominated. *Id.* at 595. Plaintiffs also cite *In re Arris Cable Modem Consumer Litigation*, 327 F.R.D. 334, 361 (N.D. Cal. 2018), which does not address Maine or South Carolina implied warranty law either; it addresses only California law, which does not require actual manifestation.

Plaintiffs do not dispute this non-common evidence, only arguing that the district court declined to consider it based on the (erroneous) reasoning that proof of product performance and defect manifestation was not required at class certification

in this Circuit. That reasoning confuses the merits—*i.e.*, whether Plaintiffs have proven their claims—with Ford's actual argument that the law requires assessment now, at the class certification stage, as to whether the merits issues at trial can be determined with common, not individualized, evidence. As Ford showed, and Plaintiffs do not contest, other district courts in this Circuit have similarly confused these concepts, showing that it is an "unsettled and fundamental" issue of class action law that merits interlocutory review. *Chamberlan*, 402 F.3d at 959; Pet. at 12-13.

## II. Plaintiffs' Opposition Does Not Refute Ford's Arguments That the Court Manifestly Erred in Finding Common Issues Predominate to Certify Plaintiffs' Warranty and Fraud-Based Claims

### A. Plaintiffs Cannot Dispute That Express Warranty Claims Require Individualized Inquiries

Plaintiffs do not dispute that express warranty claims require evidence of presentment to a dealer and multiple unsuccessful repair attempts. Plaintiffs argue those issues are common, Opp. at 13, but Plaintiffs do not show how—or rebut that—the district court manifestly erred in concluding that Ford's records could be used to show whether repairs were unsuccessful and Ford breached its warranty. As Ford demonstrated, its records only show repairs, not whether any were unsuccessful. Pet. at 16. Plaintiffs' other argument that "present[ment]"—*i.e.*, whether Ford failed to repair class vehicles within the warranty period can be answered with common proof because there is a "uniform fix" (Opp. at 15)—lacks a logical connection.

5

Whether a "uniform fix" exists does not establish which class members actually experienced a problem, which of them presented their vehicles to dealers for repair in the warranty period, and which of them had multiple unsuccessful repair attempts, all of which are required to prove express warranty claims. Pet. at 15. Plaintiffs' argument also contradicts the district court's ruling on that same issue on summary judgment: the district court rejected Plaintiffs' claim that vehicles that did not receive Plaintiffs' preferred "uniform fix" (the "kitchen sink" damper) were not satisfactorily repaired within the warranty period. Instead, the district court held that an effective repair within the warranty period, regardless of whether it was the "kitchen sink" damper, barred some individual Plaintiffs' express warranty claims. 1ER021-22.

Nor do Plaintiffs attempt to distinguish most of Ford's on-point case law refusing to certify express warranty claims for precisely these reasons. Pet. at 15. And Plaintiffs fail to meaningfully distinguish *Sanchez v. Kia*, 2024 WL 4730654 (C.D. Cal. Nov. 7, 2024), which, while involving a different component part, still addressed how individualized inquiries predominate when analyzing when an individual sought warranty coverage and whether that coverage was wrongly denied. *Id.* at *21-22. Here, "when" and "how" steering oscillation occurs is a key component of Plaintiffs' express warranty claims; Ford's warranty only covers parts that fail "during normal use during the applicable coverage period." 4ER490.

Plaintiffs also attempt to distinguish *Sanchez* by claiming, that, unlike a windshield cracking, steering oscillation only has one cause. This is contrary to undisputed evidence. 4ER490-91. Finally, Plaintiffs misstate *Honda Idle Stop*, 347 F.R.D. 528, 542 (C.D. Cal. 2024), claiming it "us[ed] the same analysis." Opp. at 15. *Honda Idle Stop* did not discuss express warranty claims. 347 F.R.D. at 544-48.

## B. Plaintiffs Cannot Rebut That Implied Warranty Claims Require Analyses into Each Class Member's Vehicle Use

Plaintiffs also fail to address Ford's argument that, even if a defect manifested, a vehicle can still be merchantable under South Carolina and Maine law based on an owner's individual usage history. Pet. at 17-19. The district court recognized this legal principle when it granted summary judgment for six Named Plaintiffs who, despite experiencing steering oscillation, continued to drive their vehicles for thousands of miles. *Id*. at 18; 1ER024-35. But the district court then ignored that law when certifying implied warranty claims, and Plaintiffs offer no way to reconcile the two rulings. Plaintiffs' contention that requiring analysis of a class member's vehicle usage "misstates [] the law," Opp. at 17, ignores the authorities cited by Ford and the district court's summary judgment ruling. Pet. at 18-19; 1ER024-1ER035. This irreconcilable conflict with the district court's summary judgment ruling is manifest error this Court must correct. *See In re Novatel Wireless Sec. Litig.*, 2013 WL 494361, at *2-3 (S.D. Cal. Feb. 7, 2013) (clear error when later order conflicted with summary judgment ruling).

**C.     Whether Class Vehicles Were Purchased Primarily for "Personal Use" Necessitates Individualized Inquiries**

Plaintiffs contend that the district court made no manifest error when it determined that whether a class member purchased the vehicle for business versus personal use could be shown with common evidence. Opp. at 18. Plaintiffs are wrong. They do not dispute that "personal use" is a necessary element to determine class membership and liability for certain claims. Pet. at 20. Instead, they argue falsely that Ford fails to "support" its contention that business versus personal use is not discernible from Ford's records. Opp. at 19. To the contrary, Ford cited extensive evidence, including survey data, advertisements, and an expert report, showing that the trucks at issue are commonly used for business and that its records do not distinguish business versus personal use. Pet. at 3; 4ER496-97; 2ER135-37. The individualized nature of this inquiry is further demonstrated by Plaintiff Hamilton, whose Maine state law claims were dismissed on summary judgment precisely based on her use of her truck for business purposes, which the district court gleaned using her deposition testimony, not simple records. Pet. at 20. Plaintiffs' attempt to distinguish the district court's summary judgment order by saying it relates to a "single named plaintiff's claim," Opp. at 19, only highlights the weakness in their argument. If Plaintiffs' preferred analysis does not work for their own class representative, the element cannot be proven with common proof for all class members. *See Small v. Allianz Life Ins.*, 122 F.4th 1182, 1199 (9th Cir. 2024)

8

(individualized inquiries predominated when it took 3.5 hours to analyze record evidence for each class member).

Plaintiffs also argue no manifest error because there is no "error in law or directly controlling case." Opp. at 18. But *Chamberlan* holds that these factors are "merely guidelines, not a rigid test," and "the decision to permit interlocutory appeal is, at bottom, a discretionary one." 402 F.3d at 960. Further, Plaintiffs' assertion that Ford is arguing that there is a "split" between Kentucky and California law, Opp. at 18, fails to address Ford's actual argument: that, in cases such as these, where the vehicles at issue are heavy-duty trucks commonly used by and for small businesses, it is not possible to determine "personal" versus "business use" purely administratively. Plaintiffs' reliance on *Honda Idle Stop* and *MyFord Touch* does not save their claim because those cases did not involve record evidence showing that a vehicle was highly likely to be used for business. *In re MyFord Touch*, 2016 WL 7734558, at *24 (N.D. Cal. Sept. 14, 2016), further recognized that Ford did not keep records of how each purchaser intended to use a vehicle and acknowledged this analysis would be "individualized." *Corder v. Ford*, 283 F.R.D. 337, 341 (W.D. Ky. 2012), in contrast, examined the same heavy-duty trucks and same types of records that Ford presented here (Ford's Sourcebooks) and is on point that the individualized question of personal versus business use defeats certification. Pet. at 20.

9

### D. Plaintiffs Concede That "What Ford Knew and When" Varies Across the Fifteen-Year Class Period, Meaning Commonality Is Absent

Plaintiffs undermine their own position by asserting in their own argument heading that Ford's knowledge is a "quintessential" common issue "***notwithstanding*** what Ford knew and when." Opp. at 20 (emphasis added). Plaintiffs cannot have it both ways, and Plaintiffs' own words demonstrate why the district court manifestly erred.

Plaintiffs begin their argument about Ford's knowledge with a misrepresentation of the district court's order: Plaintiffs claim that the district court certified "separate classes for two different time periods." Opp. at 20. As the record shows, the district court certified ***single*** state classes for each fraud-based claim, illogically including Model Year ("MY") 2005-2007 ***and*** MY 2017-2019 vehicles. 1ER072; 1ER095-96. The district court could not have certified separate classes for each platform, as no named class representative purchased a MY 2005-2007 vehicle. 4ER520.

Plaintiffs even acknowledge that evidence of Ford's knowledge of an alleged defect in MY 2005-2007 (P131) and MY 2017-2019 (P558) vehicles varies between these two platforms. Pet. at 21; Opp. at 20. Determining that the evidence about a defendant's knowledge over time varies is not an improper merits inquiry. Class certification is commonly denied when a defendant's knowledge varied over time.

*In re MyFord Touch*, 2016 WL 6873453, at \*3 (N.D. Cal. Nov. 22, 2016); *Beaty v. Ford*, 2021 WL 3109661, at \*12 (W.D. Wash. July 22, 2021).

Plaintiffs have no legal support for their argument that Ford's knowledge is a "common question" over a 15-year period simply because, as to any given moment in time, Ford's knowledge can be proven by evidence in Ford's possession and is independent of each specific class member. Opp. at 21. Once again, Plaintiffs fail to address Ford's actual argument. Ford is not arguing that individualized inquiries into each plaintiff are necessary, but rather that common evidence will not show Ford had knowledge of a defect in ***both*** the MY 2005-2007 and MY 2017-2019 vehicles. Plaintiffs make the same mistake in arguing that "[w]hether [Ford] had unbroken knowledge about the defect at any time between 2005 and 2018 is a factual question to decide on the merits." *Id*. The district court already held that Plaintiffs cannot prove with common proof that Ford had unbroken knowledge of problems— because it denied certification for interim vehicles released for MYs 2008-2016. 1ER072. If the evidence available to the jury to decide Ford's knowledge varies dramatically over time—as it does here—then any merits determination would not be a common answer to a common question based on common evidence, as *Dukes*, 564 U.S. at 350, requires.

## CONCLUSION

Ford's Petition should be granted.

11

Dated:   February 14, 2025          O'MELVENY & MYERS LLP

By: /s/ *Randall W. Edwards*
      Randall W. Edwards

*Counsel for Defendant-Petitioner*
*Ford Motor Company*

## CERTIFICATE OF COMPLIANCE

I, Randall W. Edwards, am an attorney representing Defendant-Petitioner Ford Motor Company.  Pursuant to Rule 5 and Rule 32 of the Federal Rules of Appellate Procedure, I certify that this brief's type size and typeface comply with Fed. R. App. P. 5 & 32(a)(5)-(6). Excluding the parts exempted by Fed. R. App. P. 32(f), this brief contains 2,579 words, per the length limit of Ninth Cir. R. 32-1.


Dated:    February 14, 2025              O'MELVENY & MYERS LLP

                                         By: /s/ *Randall W. Edwards*
                                             Randall W. Edwards

                                             *Counsel for Defendant-Petitioner*
                                             *Ford Motor Company*


13

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

I, Catherine Sinclair, declare and state as follows:

I am a resident of the State of California and over the age of eighteen years and not a party to the within action. My business address is 400 South Hope Street, 19th Floor, Los Angeles, CA 90071. I certify that on February 14, 2025, I caused to be electronically filed a true and complete copy of the following document(s) with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system:

**DEFENDANT FORD MOTOR COMPANY'S
MOTION FOR LEAVE TO FILE REPLY
IN SUPPORT OF RULE 23(f) PETITION**

**DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RULE 23(f) PETITION**

I further certify that on this date, I served the foregoing/attached document(s) via Email and via the Appellate Electronic Filing system:

**Counsel for Plaintiff-Respondent William Lessin, Carol Smalley, et al.:**

Richard D. McCune
rdm@mccunewright.com
David C. Wright
dcw@mccunewright.com
Steven A. Haskins
sah@mccunewright.com
Todd A. Walburg
taw@mccunewright.com
Andrew W. Van Ligten
avl@mccunewright.com

14

McCUNE LAW GROUP, APC
3281 Guasti Road, Suite 100
Ontario, California 91761

Bryan L. Clobes (*Pro Hac Vice*)
Nyran Rose Rasche (*Pro Hac Vice*)
Alex Lee (*Pro Hac Vice*)
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
135 South LaSalle Street, Suite 3210
Chicago, IL 60603

Douglas C. Sohn
dsohn@sohnlaw.com
SOHN & ASSOCIATES
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127

I declare under penalty of perjury under the laws of California and the United

States that the foregoing is true and correct.

Executed on February 14, 2025 at Los Angeles, California.

*/s/ Catherine Sinclair*

Catherine Sinclair